IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JERRY BERNARD JONES, SPN #02416118, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §     CIVIL ACTION NO. H-20-0934 |
| | § |
| OFFICER CHAD HOGUE, | § |
| | § |
| Defendant. | § |

### MEMORANDUM OPINION AND ORDER

Plaintiff, a Harris County pretrial detainee awaiting trial on charges for murder and aggravated assault with a deadly weapon, filed this *pro se* section 1983 lawsuit against Houston Police Department ("HPD") Officer Chad Hogue. He impliedly seeks leave to proceed *in forma pauperis*.

Having screened the complaint as required by sections 1915 and 1915A, the Court dismisses this lawsuit for the reasons explained below.

### *Background and Claims*

Plaintiff claims that Hogue unlawfully detained, questioned, and imprisoned him under false allegations in his pending criminal prosecutions. Plaintiff expressly states that he is suing Hogue in his official capacity as an employee of the HPD, and seeks monetary damages in an amount of $250,000.00 for his unlawful pretrial detention. Public state court records show that plaintiff remains detained under the pending charges at this time.

*Analysis*

*Sections 1915, 1915A*

Because plaintiff is a county pretrial detainee who proceeds *in forma pauperis*, the Court is required to scrutinize the claims and dismiss his complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Official Capacity*

Because plaintiff is suing HPD Officer Hogue only in his official capacity, his claims are actually against the City of Houston, the municipality employing Hogue. *See Goodman v. Harris County*, 571 F.3d 388, 396 (5th Cir. 2009) (noting that "official capacity suits are really suits against the governmental entity").

A governmental entity can be sued and subjected to monetary damages under section 1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *Monell v. Department of Social Services of the City of New*

*York*, 436 U.S. 658, 694 (1978). A municipality may not be held liable under 1983 on the basis of *respondeat superior* or vicarious liability.

Municipal liability under section 1983 requires proof of (1) a policy maker; (2) an official policy; and (3) a violation of a constitutional right whose moving force is the policy or custom. *Id*. Plaintiff pleads no factual allegations raising a claim under *Monell*, and no viable claim has been raised upon which judgment can be granted against the City of Houston under section 1983.

*Heck Bar*

Even assuming plaintiff had raised a colorable claim for relief against the City of Houston in this lawsuit, he would not be entitled to judicial relief. Plaintiff seeks monetary damages for his allegedly unlawful pretrial detention in jail. Because plaintiff's criminal prosecution has not been terminated in his favor, his claims for monetary damages would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a claim for monetary damages which essentially challenges the validity of a plaintiff's existing incarceration is not cognizable under 42 U.S.C. § 1983).

*State Law Claims*

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental or pendent jurisdiction over a state law claim when it has dismissed all claims over which it has original jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir.

2011) (explaining that the rule in the Fifth Circuit "is to dismiss state claims when the federal claims to which they are pendent are dismissed").

Because the Court is dismissing all of plaintiff's federal claims, it declines to exercise supplemental or pendent jurisdiction over any state law claims he may have raised in this lawsuit.

### *Conclusion*

This lawsuit is DISMISSED WITHOUT PREJUDICE for failure to raise a viable claim for relief under section 1983. Any and all pending motions are DENIED AS MOOT. This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk is to provide a copy of this order to plaintiff and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas on April 30, 2020.

_____
Gray H. Miller
Senior United States District Judge